IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROSALENE MILDRED LOPES, #A0223855, | ) ) ) | CIV. NO. 13-00655 SOM/BMK |
| Petitioner, | ) ) ) | ORDER GRANTING IN FORMA PAUPERIS APPLICATION AND |
| vs. | ) ) | DISMISSING AMENDED PETITION |
| STATE OF HAWAII, | ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

**ORDER GRANTING IN FORMA PAUPERIS APPLICATION
AND DISMISSING AMENDED PETITION**

On November 26, 2013, Petitioner Rosalene Mildred Lopes commenced this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pet., ECF No. 1. On December 4, 2013, the court ordered Petitioner to name a proper respondent, submit the filing fee or an *in forma pauperis* application, and show cause in writing why her claims should not be dismissed as unexhausted, time-barred, and without merit. *See* Order, ECF No. 5.

Before the court is Petitioner's Amended Petition and *in forma pauperis* application. ECF Nos. 11 and 12. Petitioner's *in forma pauperis* application is GRANTED. Because Petitioner fails to name a proper respondent or show cause why her Petition should not be dismissed as unexhausted the Petition is DISMISSED without prejudice.

## I. BACKGROUND

Petitioner pled guilty to Forgery and Theft in the Second Degree in Crim. No. 1PC06-1-001831 on November 20, 2006. *See Hawaii v. Lopes*, 1PC06-1-001831, avail. at the Hawaii State Judiciary Public Access to Court Information ("Ho`ohiki"), http://hoohiki1.courts.state.hi.us/jud/Hoohiki.  She alleges that these convictions were expunged in 2010 and the State of Hawaii is now illegally incarcerating her.  *See* Am. Pet., ECF No. 11; Letter, ECF No. 4, Att. 4-1 (Expungement Certificate); *see also Lopes v. Hawaii*, Civ. No. 13-00507 DKW (D. Haw. 2013) (alleging that prison officials violated her civil rights by refusing to credit the expungement of her criminal conviction in *Hawaii v. Lopes*, 1PC06-1-001831, for Forgery and Theft in the second degree).

## II. IMPROPER RESPONDENT

The court informed Petitioner that she must name the state officer having custody over her as the respondent to the petition, normally the warden of her facility or the chief officer in charge of state penal institutions.  *See* Rule 2(a) of the Rules Governing § 2254 Cases; *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992).  She again fails to do so, and this court lacks personal jurisdiction over the respondent.

### III. EXHAUSTION

Petitioner concedes throughout the Amended Petition that she sought neither direct appeal nor post-conviction relief concerning her criminal convictions. Nor did she seek habeas relief regarding the State's alleged refusal to credit expungement of her convictions. *See* Am. Pet., ECF No. 11 ¶¶ 8, 10, 11(e), 12(c-d). The Ho`ohiki website confirms that Petitioner never raised her claims in the Hawaii courts. *See* http://hoohiki1.courts.state.hi.us/jud/Hoohiki. Petitioner states that, although she pursued remedies through the prison grievance system, she was unaware that she "had to file an appeal to any other petition after an expungement certificate." *See* Am. Pet., ECF No. 11 PageID #63-64.

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court.[1] Exhaustion requires the petitioner to fairly present his or her claims to the state courts. *Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011), *cert. denied*, 133 S.Ct. 424 (2012). The claims must be reviewed on the merits by the highest court of the state. *Greene v. Lambert*, 288 F.3d

---

[1] A habeas petition "shall not be granted unless it appears that - (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

1081, 1086 (9th Cir. 2002).  As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  *See Rose v. Lundy*, 455 U.S. 509, 518 (1982).  Fully unexhausted petitions must be dismissed and are not subject to a stay-and-abey procedure.  *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

A federal court may raise the failure-to-exhaust issue *sua sponte* and summarily dismiss on that ground.  *See Granberry v. Greer*, 481 U.S. 129, 134–35 (1987).  Petitioner's claims concerning the alleged expungement of her criminal convictions are unexhausted, and the Petition is DISMISSED without prejudice.[2]

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 15, 2014.



    /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Lopes v. Hawaii,* Civ. No. 13-00655 SOM/BMK; PSA/Habeas/dmp/2014/Habeas Lopes/13-655 som (unexh)

---

[2] Because the Petition is admittedly unexhausted, the court need not address its merit or timeliness.