IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROSALENE MILDRED LOPES, #A0223855, | CIV. NO. 13-00655 SOM/BMK |
| Petitioner, | ORDER DENYING MOTION FOR RECONSIDERATION AND DISMISSING SECOND AMENDED PETITION |
| vs. | |
| STATE OF HAWAII, | |
| Respondent. | |

### ORDER DENYING MOTION FOR RECONSIDERATION AND DISMISSING SECOND AMENDED PETITION

Before the court is Petitioner Rosalene Mildred Lopes' letter dated January 30, 2014, Exhibits 1-29, and proposed Second Amended Petition. *See* ECF Nos. 17, 18. The court construes Lopes's letter as a Motion for Reconsideration of the January 15, 2014 Order Granting In Forma Pauperis Application and Dismissing Amended Petition. *See* ECF No. 13. The court finds that Lopes's claims are admittedly unexhausted and without merit, DENIES the Motion for Reconsideration, and DISMISSES the Second Amended Petition.

### I. PROCEDURAL HISTORY

On October 4, 2013, Lopes filed a prisoner civil rights action alleging that her unidentified 2009 state conviction had been expunged in 2010 and she was being falsely imprisoned. *See Lopes v. Hawaii*, Civ. No. 13-00507 DKW (D. Haw. Oct. 4, 2013). Lopes sought monetary and injunctive relief. Lopes admitted that

she did not have a copy of the expungement certificate and asked the court's assistance to obtain a copy.  The court took judicial notice of the public dockets in Lopes's 2009 state court conviction in Cr. No. 06-1-1831, noting that there was no official indication that it was expunged, reversed, or otherwise called into question.  On October 31, 2013, United States District Judge Derrick K. Watson dismissed the action pursuant to 28 U.S.C. ¶ 1915(e)(2) and § 1915A(b)(1), based on Lopes's failure to state a cognizable civil rights claim.  *See id.*, ECF No. 5.  Judge Watson found that granting relief on Lopes's claims would necessarily imply the invalidity of her conviction.  He explained that she cannot seek monetary damages for a conviction that has not yet been expunged, reversed, overturned, or otherwise invalidated pursuant to the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), and dismissed her civil rights claims without prejudice.  To the extent Lopes sought immediate release, Judge Watson found that her claims were cognizable only in a petition for writ of habeas corpus.  Civ. No. 13-00507, ECF No. 5, PageID #35-36.

On November 26, 2013, Lopes reasserted her claims for release in the present action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pet., ECF No. 1.  Lopes provided a copy of the July 20, 2010, Expungement Certificate on which she relies; it did not, however, indicate that the convictions she

challenged had been expunged.  *See* ECF No. 4-1.  Lopes conceded that she never sought relief in the state courts regarding her claims in the three years since she received the Expungement Certificate, although she pursued numerous administrative avenues for relief.

On December 4, 2013, the court ordered Lopes to name a proper respondent, submit the filing fee or an *in forma pauperis* application, and show cause in writing why her claims should not be dismissed as unexhausted, time-barred, and without merit.  *See* Order, ECF No. 5.  On December 31, 2013, Lopes filed an Amended Petition and *in forma pauperis* application.  ECF Nos. 11 and 12.  On January 15, 2014, this court granted Lopes's *in forma pauperis* application.  ECF No. 13.  Because Lopes had still failed to name a proper respondent, and more importantly, to show cause why her Petition should not be dismissed as unexhausted, this court dismissed the Amended Petition without prejudice based on her admitted failure to exhaust her claims in the Hawaii state courts.  *See id.*, PageID #82-83.

## II.  LEGAL STANDARD

Because of Lopes's *pro se* status, and because she signed her letter within fifteen days of the date this action was dismissed, the court liberally construes her letter as seeking reconsideration of the January 15, 2014, dismissal of this action, pursuant to Rule 59 of the Federal Rules of Civil

Procedure.  *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A successful motion for reconsideration must demonstrate some reason that the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006).  Three grounds justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *Id.* (citing *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998)).  "[A] motion for reconsideration should not be granted, absent highly unusual circumstances."  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted).

### III.  DISCUSSION

Lopes again admits that she has never raised her claims regarding her alleged illegal imprisonment in any state court.  *See* Proposed Am. Pet. ECF No. 18.  She claims that she "wasn't made known that [she] had to file a petition to execute a sentence conviction and judgement to expedite [her] release."  *Id.*, PageID #158.  She continues to assert that her Expungement Certificate proves that her convictions in Cr. No. 06-1-1831 were

expunged in June 2010.  She also provides numerous documents she alleges establish the efforts she has made to seek release.

Assuming that Lopes is attempting to establish cause to excuse her failure to exhaust her claims in the Hawaii state courts through her alleged ignorance of the law, she fails. Before a federal court can consider the merits of a habeas petition, a petitioner must exhaust the remedies available to her in state court.  28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971). A claim is procedurally defaulted in federal court if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present [her] claims in order to meet the exhaustion requirement would now find the claims procedurally barred."  *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).  A procedurally defaulted claim may be excused, and therefore be subject to federal review, if the petitioner can show "cause and prejudice" for the failure to exhaust, or make a colorable showing of actual innocence.  *See Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

To establish cause, a petitioner must show that an external impediment rendered her unable to comply with a state procedural rule.  *Carrier*, 477 U.S. at 488.  To show prejudice,

the petitioner must demonstrate that the error worked to her substantial disadvantage, infecting the entire trial with constitutional error.  *Id.*  If a petitioner cannot meet one of these requirements, the court need not address the other.  *United States v. Frady*, 456 U.S. 152, 168 (1982).  A procedural default may also be excused if a petitioner can demonstrate a fundamental miscarriage of justice by showing that a constitutional error caused the conviction of one who is actually innocent.  *Carrier*, 477 U.S. at 496.

      First, ignorance of the law is insufficient to satisfy the "cause" standard.  *See Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) (finding that an illiterate *pro se* petitioner's complete lack of legal assistance is not cause to excuse a procedural default); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("ignorance of the law, even for an incarcerated *pro se* prisoner, generally does not excuse prompt filing"); *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (ignorance of the law and of procedural requirements for filing a timely notice of appeal is insufficient to establish cause to excuse procedural default).  Even assuming Lopes was completely ignorant of her need to bring her claims in the state courts, despite the abundant record evidence that she pursued her claims with the Hawaii Paroling Authority, the Hawaii Department of Public Safety, the Hawaii Attorney General, the State Ombudsman,

the Hawaii State Senate, the United States Department of Justice, and civil attorneys, she fails to show cause based on her alleged ignorance of the law.  *See generally* Pet'r Exs, ECF Nos. 17-1 through 17-29.  Because Lopes fails to show cause, the court need not determine prejudice.

Second, Lopes cannot show actual innocence.  The Expungement Certificate on which she relies does not include her convictions in Cr. No. 06-1-1831 for Forgery in the Second Degree in violation of Haw. Rev. Stats. § 708-852, and Theft in the Second Degree in violation of Haw. Rev. Stats. § 708-831(1)(B) in the list of expunged charges.  *See* ECF No. 17-4.  Rather, it expunges sixteen charges she was not convicted of, including a charge for Identity Theft in the Second Degree, in violation of Haw. Rev. Stats. § 708-839.7.  This expunged charge is completely separate from Lopes's convictions in Cr. No. 06-1-1831.  Moreover, the letter attached to the Expungement Certificate explicitly states that "expungement . . . involves the deletion of only *non-conviction* charges resulting from an arrest."  *Id.* (emphasis added).  As the Hawaii Department of the Attorney General, the United States Department of Justice, and this court have all explained to Lopes, this means that only criminal charges that did not result in a conviction were expunged.  There is no doubt that Lopes's convictions in Cr. No. 06-1-1831 for

Forgery and Theft in the Second Degree remain intact, and that her claims are frivolous.

Finally, Lopes concedes that she has never filed a habeas petition in any state court concerning her claims. Her Second Amended Petition is thus wholly unexhausted and subject to dismissal without prejudice on that basis alone. *See Coleman*, 501 U.S. at 731; *Rasberry*, 448 F.3d at 1154.

### IV.  CONCLUSION

Lopes provides no coherent reason for the court to reconsider its decision dismissing her Amended Petition without prejudice as unexhausted. She sets forth no intervening change in controlling law, new evidence, or need to correct clear error or prevent manifest injustice. *See White*, 424 F. Supp. 2d at 1274. Lopes's Motion for Reconsideration is DENIED, her Proposed Second Amended Petition is DISMISSED, and this action remains DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 25, 2014.



 /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Lopes v. Hawaii,* Civ. No. 13-00655 SOM/BMK; J:\Denise's Draft Orders\SOM\Lopes 13-655 som (hab unexh).wpd